SORONDO, Judge.
Craig S. Karrer (Craig) appeals the final judgment of dissolution of marriage and Donna Karrer (Donna), cross-appeals the denial of attorney’s fees.
The parties married in March 1986 and the wife petitioned for dissolution of marriage on July 25,1995. Two children were born of the marriage, Amber, age 10 years, and Aaron, age six years. Donna is a 27-year old registered nurse and worked at her profession for eight to nine years during the marriage. Craig is a 40-year old career-enlisted Navy member of over 18 years. In January 1998, he will attain 20 years of active-duty military service, thereby qualifying him for a retirement pension.
In its September 11, 1996 final judgment of dissolution of marriage, the lower court determined that the primary marital asset subject to equitable distribution was the husband’s retirement fund. The court awarded Donna 50% of the fraction of each payment created by dividing the number of months of the marriage by the number of months of Craig’s Navy service. The trial court further found that Craig’s disabilities do not affect his quality of life or his earning ability in any way. Therefore, the court ordered that in the event that Craig voluntarily converts all or any part of his retirement pension to a disability pension, Donna shall be entitled to lump sum alimony in an equal amount to what she would receive if it had not been so converted. Each party was ordered responsible for his/her own attorney’s fees.
Craig’s sole argument in this appeal is that the trial court’s ruling concerning his pension is in violation of The Former Spouses’ Protection Act, 10 U.S.C. § 1408, because under this Act, and the case law interpreting it,[1] a disability pension is not a marital asset for the purposes of equitable distribution. We do not reach this issue because Craig has not yet chosen to convert his retirement pension to a disability pension. Consequently, the issue is not ripe for review. We vacate that portion of paragraph 6 of the Final Judgment of Dissolution of Marriage which reads as follows:
If the Husband voluntarily converts all or any part of his retirement pension to a disability pension, the Wife shall be entitled to lump sum alimony in an amount equal to what she would be entitled to receive if it had not been so converted.
The trial court has retained jurisdiction to modify the final judgment and may do so, if, and when, the issue is properly before it.
As concerns Donna’s cross-appeal, we agree that the trial court erred in not award *161 ing her attorney’s fees. Although her net income is almost identical to Craig’s, she correctly points out that as an active-duty serviceman, he pays no rent or utilities and has numerous other benefits which significantly enhance his financial position. We reverse the ruling of the trial court denying Donna attorney’s fees, and remand for a determination and award of her reasonable attorney’s fees.
Reversed and remanded.

. Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989).